[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM ON MOTION TO REOPEN AND REARGUE
The plaintiff has moved that the court reopen its decision in this matter and she be allowed to reargue.
The court did permit Attorney Dinan to reargue the matter although she was not permitted to reopen it since she had no new evidence to present which was not available at the time of the trial. CT Page 7850
The motion to reargue is granted in the following respects only:
1. On page four of the Memorandum of Decision, the fifth line from the top, the date 1987 is hereby stricken and the date 1986 inserted in lieu thereof.
2. On page five of the Memorandum of Decision, the sixth line, the date 1988 is stricken and the date 1989 inserted in lieu thereof.
3. On page seven, the last paragraph, in the fourth line thereof, the word Oldsmobile is stricken and the word Cadillac substituted in lieu thereof.
4. On page nine, the third line of the last paragraph, strike the words "over $100,000.00 a year" and insert therefor in the neighborhood of $100,000.00 a year, excluding any bonus.
5. On page 16, paragraph number 15, the language after the semi colon beginning "both parties to file separately" shall be stricken.
While the plaintiff argued that some of the factual findings made by the court were contrary to the evidence, she made no attempt to provide transcripts for the purpose of substantiating her argument. In the court's view the problem was with the perspective with which the evidence was viewed.
To the extent above set forth, the Memorandum of Decision is corrected, and to that extent only, the motion to reargue is granted. The motion to reopen is denied as stated above.
MARGARET C. DRISCOLL STATE TRIAL REFEREE